NO. 07-00-0237-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 3, 2001

______________________________

LITTLE JOE CORDERO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 251
ST
 DISTRICT COURT OF RANDALL COUNTY;

NO. 12,897-C; HONORABLE PAT PIRTLE, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Little Joe Cordero appeals from a conviction and sentence in the 251st
 District Court of Randall County, Texas (the trial court), for burglary of a habitation.  After the jury found appellant guilty, but prior to the punishment phase of trial, appellant requested that his appointed trial counsel be removed and that appellant be allowed to represent himself.  The trial court admonished appellant and granted the request.  

Appellant, acting 
pro se
, filed notice of appeal.  
Counsel was appointed to represent appellant on appeal.  The trial court clerk’s record and court reporter’s record were filed with the appellate court clerk on September 14, 2000.  Both appellant’s brief and the State’s brief have been filed.  
See
 
Tex. R. App. P
. 38. 

 Appellant has now filed a motion seeking (1) dismissal of his appointed appellate counsel, (2) leave to appear on appeal
 pro se
, (3) an order striking the brief previously filed on his behalf by appellate counsel, and (4) extension of time to rebrief his case.  In the motion, appellant alleges that he and his attorney cannot agree on the issues to be presented for appellate review. 

Although appellant does not have a right to file 
pro se
 documents while being represented by counsel, 
see
 
Landers v. State
, 550 S.W.2d 272, 279-80 (Tex.Crim.App. 1977), we deem certain allegations in appellant’s motion
 warrant consideration before his appeal proceeds.  Accordingly, pursuant to 
Tex. R
. App. P. 
2 , this appeal is abated and the cause is remanded to the trial court.  Upon remand, the judge of the trial court is directed to cause notice to be given of and to conduct a hearing to determine whether appellant has made a knowing and voluntary decision to waive his right to counsel and to represent himself on appeal.  If the trial court determines that appellant has made a knowing, voluntary decision to waive his right to counsel and to represent himself on appeal, then the trial court should discharge appellate counsel from any further obligations to appellant.  If the trial court determines that appellant has not made a knowing, voluntary decision to represent himself on appeal, then the trial court should enter orders and make recommendations appropriate to continued prosecution of appellant’s appeal
 based on the evidence presented at the hearing, and
 on its findings and conclusions therefrom.  

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk’s record; (3) enter any orders appropriate to the findings and conclusions made; (4) cause the hearing proceedings to be transcribed and included in a reporter’s record; and (5) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk’s record or the reporter’s record.  In the absence of a request for extension of time from the trial court, the supplemental clerk’s record, reporter’s record, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than June 15, 2001. 

Per Curiam

Do not publish.